Filed 12/15/20  In re E.M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re E.M., a Person Coming Under the Juvenile Court Law. | |
| C.H.<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>    Respondent,<br><br>CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU,<br><br>    Real Party in Interest. | A161081<br><br><br>(Contra Costa County Super. Ct. No. J20-00332) |

After testing positive for methamphetamines and amphetamines at birth, E.M. (the child) was removed from C.H. (mother). Mother challenges the juvenile court's order denying her family reunification services and setting a permanency planning hearing. (See Welf. & Inst. Code, § 361.5, subd. (b); *id.*, § 366.26.)[1] Because we conclude mother's challenge lacks merit, we deny her writ petition.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

**A.**

Generally, when a child is removed from a parent's custody, the juvenile court must order the provision of services to facilitate family reunification. (See § 361.5, subd. (a)(1); *D.F. v. Superior Court* (2015) 242 Cal.App.4th 664, 669 (*D.F.*).) However, in certain circumstances, family reunification services may be fruitless. (See § 361.5, subd. (b); *D.F.*, *supra*, 242 Cal.App.4th at p. 669.) As relevant here, section 361.5, subdivision (b)(10), provides that reunification services need not be provided if, in the case of a sibling, the court previously terminated reunification services because the parent failed to reunify with the sibling, and the court finds that the parent "has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling." Under section 361.5, subdivision (b)(11), reunification services need not be provided if the parental rights of the parent with respect to a sibling have been terminated, and the court finds that "this parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling." Finally, reunification services are unnecessary under section 361.5, subdivision (b)(13), if the court finds that "the parent or guardian of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention, or has failed or refused to comply with a program of drug or alcohol treatment described in the case plan . . . on at least two prior occasions, even though the programs identified were available and accessible." To conclude that any of these exceptions are

applicable, the court must make its findings by clear and convincing evidence.  (§ 361.5, subd. (b).)

### B.

In May 2020, the Contra Costa County Children & Family Services Bureau filed a juvenile dependency petition alleging that mother's long-standing substance abuse placed the child at risk of serious harm and neglect (§ 300, subd. (b)(1)).  The petition also alleged that there was a substantial risk that the child would be abused or neglected because in a dependency case involving the child's siblings, mother failed to comply with her court-ordered case plan to address her substance abuse, and the court terminated reunification services as to the siblings in December 2019 (§ 300, subd. (j)).

At a hearing in October 2020, after sustaining the petition, the juvenile court denied mother reunification services based on her failure to reunify in the siblings' case (§ 361.5, subd. (b)(10)), the termination of parental rights in the siblings' case (§ 361.5, subd. (b)(11)), and her history of substance abuse (§ 361.5, subd. (b)(13)).  The court set a permanency planning hearing under section 366.26 for January 21, 2021.

### DISCUSSION

Reviewing its findings for substantial evidence (see *D.F.*, *supra*, 242 Cal.App.4th at p. 669), we find no error in the juvenile court's denial of reunification services.

As an initial matter, mother does not dispute the applicability of section 361.5, subdivision (b)(13).  She acknowledges that she has a history of drug addiction spanning approximately 15 years, and that she dropped out of a drug treatment program in 2019.  Mother failed to

comply with a court-ordered substance abuse treatment plan in the siblings' case.

Further, with respect to section 361.5, subdivision (b)(10), mother does not dispute that the court previously terminated reunification services in the siblings' case. Mother and one sibling tested positive for methamphetamines at the sibling's birth in April 2019, and before that mother tested positive for methamphetamines, amphetamines, and marijuana during prenatal drug tests. The court terminated services in December 2019 because mother failed to comply with the case plan.

Mother asserts that the court erred in concluding that she failed to make reasonable efforts to address the problems that led to the removal of the child's siblings from her care. However, substantial evidence supports the court's conclusion. After the court terminated services in December 2019, and while she was pregnant with the child, mother tested positive for amphetamines, cannabinoid, and/or cocaine on five separate occasions from March through May 2020, including the day she was admitted to the hospital to give birth to the child. As noted, the child tested positive for methamphetamines and amphetamines at birth. Mother failed to attend 11 drug testing appointments from June through September 2020. In July 2020, mother admitted that she was still using marijuana. Although mother subsequently began participating in an outpatient substance abuse treatment program, her participation was inconsistent.

Mother argues that in determining whether she made reasonable efforts, the court should consider that services for the siblings were terminated less than a year before the disposition hearing in this case. However, ten months is sufficient to make some reasonable efforts, and

4

mother submitted no evidence and points to no efforts she believes should be considered reasonable given the time frame.

Instead, mother argues that because she has "a lot of insight into the issues that have led to the problems in her life," the court should exercise discretion to provide reunification services. Without minimizing the importance of such insight, section 361.5, subdivision (b)(10) requires more than insight. It requires that the parent "ma[k]e a reasonable effort." (See § 361.5, subd. (b)(10).) The juvenile court correctly concluded pursuant to section 361.5, subdivision (b)(10), that mother has failed to do so here.[2]

Moreover, once section 361.5, subdivisions (b)(10) and (b)(13) apply, the court lacks discretion to order reunification services unless "the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c)(2).) Mother failed even to argue, let alone establish, that reunification is in the best interest of the child.

Even had she preserved the argument, there is no question mother would have been unable to meet this standard. Mother did have successful supervised visits with the child, and the juvenile court found that she "has demonstrated some real maturity" by "putting [the child's] interests first," in that she was "careful not to bond with [the child] too much" given the likelihood that reunification services would be denied. Even so, mother had an unstable living situation, missed four of her weekly visits with the child reportedly due to health issues,

---

[2] Because we conclude the trial court properly denied reunification services pursuant to section 361.5, subdivisions (b)(10) and (b)(13), we need not resolve mother's challenge to the trial court's findings under section 361.5, subdivision (b)(11).

repeatedly failed to return the social worker's telephone calls, and missed the child and family team meeting. Despite acknowledging her need for individual therapy to address the childhood trauma she experienced and receiving repeated referrals for such therapy, by September 2020 she still had not enrolled in therapy. She also refused domestic violence services despite reporting that she feared the child's alleged father. Moreover, as her counsel acknowledged at the hearing, and as detailed above, mother continued to struggle with "significant substance abuse issues."

## DISPOSITION

Mother's petition for an extraordinary writ and request for a stay of the January 21, 2021 hearing are denied. This opinion is final in this court on filing. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(2)(A).)

_____

Burns, J.

WE CONCUR:

_____

Simons, Acting P.J.

_____

Needham, J.

(A161081)